(No. 4143—

BEN CHEW, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1949.*

R. W. HARRIS, Attorney for Claimant.

HON. IVAN A. ELLIOTT, Attorney General, and C. A. NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

The claimant was an employee of the Department of Public Works and Buildings, Division of Highways. He was 45 years of age, married and had no children under 16 years of age dependent upon him for support.

On July 23, 1948, at the Division's garage 1.5 miles west of Carbondale, Jackson County, Illinois about three o'clock in the afternoon, Mr. Chew was walking across the garage floor to secure some rags to be used in cleaning greasy automotive parts. He stepped in a small pool of liquid floor cleaner, slipped and fell to the floor fracturing his left wrist. The Division had Mr. Chew taken to his family physician, Dr. William Gardiner, Herrin, Illinois immediately following the accident.

Mr. Chew lost time because of his injury from July 24 to July 27, 1948, inclusive, having returned to light work on July 28, 1948. He was paid full salary for the

four days lost time in the amount of $30.58. He remained on the payroll of the Department of Public Works and Buildings on his regular salary until December 31, 1948.

The evidence further shows that the Division of Highways paid the bill of Dr. W. R. Gardiner in the amount of $61.00.

The doctor's report, dated February 7, 1949, shows that Mr. Chew sustained a fracture of the distal end of radius of left arm. That the fracture is healed and that he had good functional use of the arm. That there was some enlargement of the wrist joint and pain in arm on extreme pronation and supination of the arm, and that he did not have full flexion of hand on lower arm, and that extension is normal.

Claimant testified on February 9, 1949 that he felt a numb pain below the elbow; that he was able to grasp and that he did not believe that there was any enlargement of the wrist compared to that of the right hand. The only evidence shown is that the left wrist is enlarged a quarter of an inch as shown by the measurements of the Commissioner.

There is no testimony in the record that the claimant had a permanent partial disability of the hand at the time of the hearing or any permanent partial disability of the left arm due to the accident in question.

There is no testimony that he is unable to do or perform any work. The record being devoid of testimony as to any permanent injury of the left arm at the time of the hearing, an award will have to be denied.

An award is made in favor of Mrs. Imogene Ward Steph, for stenographic services in the amount of $19.53, which is payable forthwith subject to the approval of the Governor.